**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| CNG Financial Corporation, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:16-CV-297 |
| | ) |
| vs. | ) |
| | ) |
| Allen L. Davis, | ) |
| | ) |
| | ) |
| Defendant. | ) |

O R D E R

This matter is before the Court on Defendant Allen L. Davis's motion to dismiss (Doc. No. 9).  Upon the review of the complaint, and the parties' briefing on to the motion to dismiss, the Court concludes that it lacks subject matter jurisdiction over the complaint for two reasons.  First, Plaintiff CNG Financial Corporation has not properly pled a basis for diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Second, this case fails to present a justiciable case or controversy under Article III of the U.S. Constitution.  Accordingly, Defendant's motion to dismiss is well-taken and is **GRANTED**; the complaint is **DISMISSED WITHOUT PREJUDICE.   THIS CASE IS CLOSED** on the docket of the Court.

For many years, Defendant Allen L. Davis and Plaintiff CNG Financial Corporation ("CNG") were embroiled in a dispute concerning Davis's ownership interest in this closely-held corporation.  In September 2011, Davis and CNG entered into a Redemption Agreement in which CNG re-purchased Davis's shares in the corporation for approximately $33,000,000.  After the parties entered into this agreement, another dispute between them

broke out concerning the amount of the "tax dividend" CNG was required to pay Davis under Section 6(c) of the Redemption Agreement. The parties submitted this dispute to private arbitration. In September 2015, the arbitrator issued a written award finding that CNG did not breach the Redemption Agreement concerning the amount of the tax dividend it paid to Davis. Because, according to the arbitrator, Davis continually attempted to shift his theories of recovery during the course of the proceedings, she made "clear that this arbitration closes the door on all issues regarding construction of the Redemption Agreement and actions of the parties related to it." Doc. No. 6, at 35.

After the arbitration proceedings closed, Davis learned that at around the same time the parties consummated the Redemption Agreement, CNG redeemed the shares of another shareholder for twice the price it paid him. In correspondence from Davis's counsel to CNG's counsel in January 2016, Davis's counsel indicated that CNG had defrauded Davis with respect to the share price provided for in the Redemption Agreement and suggested that the parties negotiate to resolve this issue without resort to litigation or complaints to regulatory authorities. Davis's counsel rejected CNG's counsel's assertion that the arbitration proceedings foreclosed any new claims Davis might have on the grounds that he did not discover the alleged fraud until after the arbitrator issued her decision. Doc. No. 1, at 32-34.

In February 2016, CNG filed a complaint against Davis to confirm the arbitrator's award pursuant to the Federal Arbitration Act, 9 U.S.C. § 9. In addition to confirming the arbitrator's award, CNG seeks declaratory and injunctive relief that essentially would preclude Davis from filing in the future any new claims concerning the alleged newly-discovered fraud on the grounds that the arbitrator's decision is res judicata on all claims

2

arising out of the Redemption Agreement.  Specifically, CNG asks the Court for the following relief:

3. Issue[] a declaration that:

a. The above-referenced award is final and binding.

b. The above-referenced award renders res judicata all claims and issues relating to construction of the Redemption Agreement and the actions of the parties relating to it, and constitutes a bar against any future litigation between Allen Davis and the "CNG Released Parties" included in the Mutual Release that is contained in paragraph 9(b) of the Redemption Agreement.

c. Further claims made by Allen Davis in violation of the Final Award or the mutual release set forth in the Redemption Agreement and would constitute vexatious litigation and entitle CNG and any other aggrieved CNG Released Party to their costs and attorney's fees.

4. Temporarily restrain, and preliminarily and permanently enjoin, Allen Davis from:

a. Failing to comply with the above-referenced award;

b. Failing to enforce and implement the above-reference award;

c. Relitigating, or attempting to relitigate, by commencing or filing, in any future action, complaint or cause of action, including in federal or state court or before an arbitration tribunal, claims or issues relating to the Redemption Agreement and/or the actions of the parties, their representatives, and/or CNG Released Parties relating to it, without prior permission from this Court.

5. Award CNG its costs of suit incurred herein and in responding to Allen Davis's threats to undermine the finality of the above-referenced award, including attorneys' fees;

6. Award CNG such other and further relief as this Court deems just and proper.

Doc. No. 1, at 11-12.

Davis has moved to dismiss the CNG's complaint, inter alia, on the grounds that the complaint fails to state a justiciable case or controversy.  The Court agrees.

3

As an initial matter, however, the Court notes that the complaint is subject to dismissal because CNG has not properly pled a basis for the Court's subject matter jurisdiction.  It is well-established that the Federal Arbitration Act ("FAA") is not an independent source of federal court subject matter jurisdiction.  Ford v. Hamilton Inv., Inc., 29 F.3d 255, 257-58 (6th Cir. 1994).  Similarly, to the extent that CNG seeks declaratory relief, the Declaratory Judgment Act ("DJA") is not an independent source of subject matter jurisdiction.  Heydon v. MediaOne of S.E. Mich., 327 F.3d 466, 470 (6th Cir. 2003).  In other words, the complaint must establish some basis for the district court's subject matter jurisdiction apart from the FAA or the DJA.  Ford, 29 F.3d at 258.

In this case, CNG purports to invoke the Court's diversity jurisdiction under 28 U.S.C. § 1332.  Complaint ¶ 3.  The complaint, however, fails to establish that the parties are of diverse citizenship.  Specifically, the complaint alleges that "Allen Davis is a resident of Sarasota County, Florida."  Complaint ¶ 2 (emphasis added).  An allegation that a party is a resident of a particular state is insufficient to establish jurisdiction under § 1332 because diversity jurisdiction is based on citizenship, not residency.  See Board of Tr. of Mohican Twp. v. Ashland County, Ohio, 133 F. 524, 524-25 (6th Cir. 1904) ("It has been many times decided that an averment that one is a resident of a particular state is not equivalent to an averment that he is a citizen of that state.");  Farmer v. Fisher, 386 Fed. Appx. 554, 557 (6th Cir. 2010).  Since the complaint fails to establish that the parties are completely diverse, CNG has failed to establish subject matter jurisdiction under § 1332.  Shea v. State Farm Ins. Co., 2 Fed. Appx. 478, 479 (6th Cir. 2001).  Typically, the Court permits a party to amend defective jurisdictional allegations pursuant to  28 U.S.C. § 1653.

4

In this case, however, the complaint fails to establish a justiciable case or controversy under Article III of the Constitution.

Basically what CNG wants to accomplish with this lawsuit is have the Court forbid Davis to file claims Davis's counsel has indicated he thinks Davis has against CNG, to rule that if Davis does assert any such claims against CNG they will not only be barred by the arbitrator's award, they will also be vexatious and frivolous, and that it will be entitled recover its attorney's fees and costs against Davis if he does file such claims. Davis, however, has not actually filed any claims against CNG and counsel's letter proposes settlement rather than litigation to resolve the new dispute. The Court simply is not authorized to issue an advisory opinion on the validity of claims that Davis has not actually filed and it is not authorized to issue an advisory opinion on the validity of CNG's affirmative defenses to Davis's hypothetical claims. As a more practical matter, the Court is not clairvoyant enough to conclude that Davis's hypothetical claims against CNG are certain to be vexatious and frivolous if and when they are filed.

The Court agrees with Davis that Sankyo Corp. v. Nakamura Trading Corp., 139 Fed. Appx. 648 (6th Cir. 2005), is dispositive. In that case, the Court held that there was no justiciable case or controversy where the plaintiff sought a declaration that any claims the defendant filed against it would be subject to an agreement to arbitrate. The fact that the defendant had threatened litigation against the plaintiff was insufficient to create an Article III case or controversy. Id. at 652-53. "Regardless of the likelihood of possible litigation," the Court wrote, "Sankyo may not obtain the advisory opinion it seeks–whether NTC [sic] claims, if filed, would be subject to arbitration. Such a request does not amount to an actual case or controversy as it does not allow for 'a decree of conclusive character.'"

Id. at 653.  This case is not much different from Sankyo.  The only difference between the two cases is the nature of the relief sought by the two parties.  The important and controlling point from Sankyo, however, is that a federal court is not authorized to issue rulings about claims that are not before it.

The Court lacks subject matter jurisdiction over this case.  Davis's motion to dismiss is well-taken and is **GRANTED**.  The complaint is **DISMISSED WITHOUT PREJUDICE**.  Each side to bear its own fees and costs.

**IT IS SO ORDERED**

Date July 11, 2016                                   s/Sandra S. Beckwith
                                          Sandra S. Beckwith
                                          Senior United States District Judge

6